## IN THE UNITED DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SHERRED,         )
      Petitioner,      )
                       )
      vs.               )      **C.A. No. 07-350 Erie**
                       )
DONALD KELCHNER, et. al.,   )      **MAGISTRATE JUDGE BAXTER**
      Respondents,    )
                       )
                       )

---

## RESPONDENT'S BRIEF IN OPPOSITION TO PETITION
## FOR WRIT OF HABEAS CORPUS

---

Laurie A. Mikielski
Assistant District Attorney
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501
PA I.D. No. 90468
(814)451-6349

Dated: April   10 , 2008

## TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

1.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.   STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3.   CLAIMS COGNIZABLE IN FEDERAL HABEAS CORPUS PROCEEDINGS  . . . . . . 5

4.   EXHAUSTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5.   PROCEDURAL DEFAULT DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               1.   Cause and Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
               2.   Fundamental Miscarriage of Justice  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6.   STANDARD FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7.   PETITIONER'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     a.   Whether plea counsel's failure to raise objections at sentencing
        and to file post-sentence motions created a situation of Ineffective
        Assistance of Counsel?  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     b.   Whether plea counsel's failure to properly pursue mitigating evidence
         caused a significant prejudice to create further Ineffective Assistance
        of Counsel, and in doing such, did both the sentencing aspect and the failure
        to pursue mitigating [evidence] create a violation of the Petitioner's rights
        under the Fifth, Sixth, and Fourteenth Amendments to the United States
        Constitution?  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     c.   Whether the sentencing court created a manifestly unjust sentence based
        upon its use of extraneous information and the bias of the court? . . . . . . . . . . . 17

8.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

## TABLE OF CITATIONS

Banks v. Horn, 126 F.3d 206 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Campbell v. Vaughn, 209 F.3d 280 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Castille v. Peoples, 489 U.S. 348 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Chaussard v. Fulcomer, 816 F.2d 925 (3d Cir.), cert. denied, 484 U.S.
845 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Christy v. Horn, 115 F.3d 201 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Coleman v. Thompson, 501 U.S. 722 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Commonwealth v. Petaccio, 764 A.2d 582 (Pa. Super. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 18

Commonwealth v. Pollard, 832 A.2d 517 (Pa. Super. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Commonwealth v. Smith, 863 A.2d 1172 (Pa. Super. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Duckworth v. Serrano, 454 U.S. 1 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Duncan v. Henry, 513 U.S. 364 (1995)(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Engle v. Isaac, 456 U.S. 107 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Evertt v. Beard, 290 F.3d 500 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gibson v. Scheidemantel, 805 F.2d 135 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Glass v. Vaughn, 65 F.3d 13 (3d Cir. 1995) cert. denied 116 S.Ct. 1027 (1996) . . . . . . . . . 9, 10

Government of the Virgin Islands v. Weatherwax, 77 F.3d 1425 (3d Cir. 1996)
(quoting Strickland at 689) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hankins v. Fulcomer, 941 F.2d 246 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Johnson v. Mississippi, 486 U.S. 578 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Logan v. Vaughn, 890 F.Supp. 427 (E.D. Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McClesky v. Zant, 499 U.S. 467 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

<u>Murray v. Carrier</u>, 477 U.S. 478 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

<u>O'Halloran v. Ryan</u>, 835 F.2d 506 (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

<u>Preister v. Rodriguez</u>, 411 U.S. 475 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Rose v. Lundy</u>, 455 U.S. 509 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Ross v. Petsock</u>, 868 F.2d 639 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Schlup v. Delo</u>, 115 S.Ct. at 868 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Sistrunk v. Vaughn</u>, 96 F.3d 666 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 17

<u>U.S. v. Schaflander</u>, 743 F.2d 714 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Villot v. Varner</u>, 373 F.3d 327 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Wiggins v. Smith</u>, 539 U.S. 510 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Williams v. Taylor</u>, 529 U.S. 362 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## **RULES**

28 U.S.C. §2244(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §2244(d)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

28 U.S.C. §2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. §2254(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §2254(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. §2254(e)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

42 Pa. C.S.A. §9791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# 1.PROCEDURAL  HISTORY

At Docket No. 3150 of 2003, the Petitioner was charged by Information filed December 18, 2003, with several counts of criminal conduct relating to sexual contact that he had with his daughter, K.S. (d.o.b.9-23-86) during the years of 1996-2003.  In the Information, the Petitioner was charged with one count each of Incest, Involuntary Deviate Sexual Intercourse with a Child, Indecent Assault, Endangering the Welfare of a Child, and Corruption of Minors.

On May 12, 2004, the Petitioner appeared before the court and entered into guilty plea whereby Petitioner pled guilty as charged to all counts.  Additionally, the court signed an Court Order directing the State Board to Assess Sexual Offenders to perform such an assessment on the Petitioner to determine whether he fell into the category of Sexually Violent Predator under 42 Pa. C.S.A.§9791.

Petitioner was subsequently sentenced on June 25, 2004.  Petitioner was advised of his Post-Sentencing and Appellate Rights, and was appraised of his duty to register a sexual offender pursuant to 42 Pa. C.S.A.§9791.  The aggregate sentence received by the Petitioner was 8 ½ -35 years incarceration.  No post-sentence motions were filed.  On July 3, 2005, Petitioner filed a *pro se* Motion for Post Conviction Collateral Relief ("PCRA").  In his PCRA motion, Petitioner claimed that he had requested of his plea counsel to file an appeal, among other claims.

Petitioner's PCRA was granted in part in that Petitioner's appellate rights were reinstated, and counsel was appointed to represent the Petitioner in the appellate filings.

On July 7, 2005, and an appellate brief filed by the Petitioner to the Pennsylvania Superior Court raising issues pertaining to the sentence that was imposed.  The sentence was "manifestly excessive and unreasonable" for the following reasons: 1) the sentences were in the highest end of the aggravated range of the guidelines for each offense and ordered to be served consecutively; 2) the sentences were imposes without explanation or considering the lack of prior record, and a

1

voluntary guilty plea.  This appeal was docketed at 1210 WDA 2005.  On February 1, 2006, the

Pennsylvania Superior Court affirmed the sentence that Petitioner received by the sentencing

court.  On March 27, 2006, Petitioner filed a PCRA claiming that counsel never followed up on

mitigating evidence, and was ineffective for failing to object at the sentencing proceeding.

Additionally, Petitioner, once again, claims that he received an improper sentence based on the

sentencing guidelines.  On March 30, 2007, Attorney William Hathaway was appointed counsel

for the Petitioner and was given the opportunity to file an amended PCRA by May 1, 2006.  An

amended PCRA was not filed by Attorney Hathaway, rather a "No Merit" letter which is dated

May 1, 2006, was sent to the PCRA court by Attorney Hathaway along with a Petition to

Withdraw.  Attorney Hathaway's Petition to Withdraw was not granted.  A Notice of Intent to

Dismiss was filed on August 22, 2006.  Petitioner's PCRA was denied due to lack of merit by

court order filed on September 11, 2006.

Petitioner perfected a *pro se* appeal regarding the denial of PCRA to the Pennsylvania Superior

Court; however, records still indicated that Petitioner was represented by Attorney Hathaway.

This appeal was docketed at 1847 of 2006.  The Pennsylvania Superior Court remanded to the

PCRA court to clarify the status of appointed counsel on June 8, 2007.  On June 21, 2007,

Petitioner filed a *pro se* Motion for Removal of Counsel which was subsequently denied on June

22, 2007.

On August 24, 2007, the Pennsylvania Superior Court handed down a decision in Superior Court

Appeal, Docket No. 1847 of 2006 regarding the PCRA court's denial of the PCRA filed on

March 27, 2006.  The Pennsylvania Superior Court initially considered pending motions both

from Petitioner and Attorney Hathaway, appoint counsel, requesting severance of the

Client/Attorney relationship and obligations.  The court agreed with Attorney Hathaway's "No

Merit" letter; therefore, granted appointed counsel's request and denied Petitioner's request as

2

moot allowing the court to consider the appeal *pro se.*

The issues presented to the Pennsylvania Superior Court are exactly the same issues presented to this Court for consideration...almost verbatim.    The only difference is now in the petition present before this Court, Petitioner claims that his plea counsel was ineffective in failing to file a post-sentence motion. After clearly analyzing Petitioner's claims, the court affirmed the order denying the PCRA on August 24, 2007, and issued a holding that the issues before the court were meritless.

This Honorable Court issued a Rule and Order on January 9, 2008, regarding a Petition for Habeas Corpus that was received by the Commonwealth on December 21, 2007.  The Office of the Erie County District Attorney received the Rule and Order issued by this Court on February 21, 2008, and filed a motion for extension of time to respond on March 11, 2008.  This request was granted.  In the Petition for Writ of Habeas Corpus, Petitioner raises the following issues:

1.Whether plea counsel's failure to raise objections at sentencing
*and to file post-sentence motions* created a situation of Ineffective
Assistance of Counsel?

b.Whether plea counsel's failure to properly pursue mitigating evidence
caused a significant prejudice to create further Ineffective Assistance
of Counsel, and in doing such, did both the sentencing aspect and the failure
to pursue mitigating [evidence] create a violation of the Petitioner's rights
under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution?

b.Whether the sentencing court created a manifestly unjust sentence based
upon its use of extraneous information and the bias of the court?

## 2.STATUTE OF LIMITATIONS

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, the statute of limitations for filing a petition for writ of habeas corpus is as follows:

(1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a

3

person in custody pursuant to the judgement of a State court.  The limitation period shall run from the latest of-
(A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. §2244(d).

In the instant case, Petitioner pled guilty on May 12, 2004, and was sentenced on June 25, 2004.

No post sentence motions were filed.  However, Petitioner did file a PCRA whereby relief was

granted in that appellate rights were reinstated.  Petitioner filed an appeal to the Pennsylvania

Superior Court where the sentence imposed was affirmed on February 1, 2006.  Petitioner filed

an additional PCRA which was denied on September 11, 2006.  In response, Petitioner filed an

appeal regarding he denial of the PCRA with the Pennsylvania Superior Court.  The denial of the

PCRA was upheld by the court on August 24, 2007.

Based on the foregoing recitation of filings, Petitioner's state court review was final on or about

August 24, 2007.  Pursuant to 28 U.S.C. §2244(d), Petitioner's last day to file a Petition for Writ

of Habeas Corpus is August 24, 2008.  The present petition before this Court was filed on

December 21, 2007, complying with the time requirements.


**3.CLAIMS COGNIZABLE IN FEDERAL HABEAS CORPUS PROCEEDINGS**A state

prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United

States Constitution or federal law.  28 U.S.C. §2254(a).  Under the AEDPA, where state courts

have reviewed a federal issue presented to them and disposed of the issue on the merits, and that

issue is also raised in a federal habeas petition, habeas corpus relief may granted in two

situations: 1)where the state court decision was contrary to , or involved an unreasonable

application of clearly established federal law as determined by the Supreme Court of the United

States or 2) the state court decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the state court proceeding.  28 U.S.C. §2254(d).  The federal

court must presume the state court's findings of fact are correct and the petitioner has the burden

of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

§2254(e)(1).  A state court decision is contrary to the Supreme Court precedent if it reaches a

conclusion opposite of the Supreme Court on a question of law or if it decides a case differently

than the Supreme Court has on a set of material indistinguishable facts.  _Williams v. Taylor_, 529

U.S. 362 (2000).  A decision is an unreasonable application if the court identifies the correct

governing legal rule from the Supreme Court cases but unreasonably extends a legal principle

from Supreme Court precedent to a new context where it should not apply or unreasonably

refuses to extend the principle to a new context where it should apply.  _Id._  The reasonable

application test is an objective one, a court may not grant habeas relief merely because it

concludes the state court applied federal law erroneously or incorrectly.  _Wiggins v. Smith_, 539

U.S. 510 (2003).  AEDPA's deferential standards of review do not apply unless it is clear from

the state court decision that the merits of the petitioner's claims were examined in light of federal

law as established by the Supreme Court of the United States.  _Everett v. Beard_, 290 F.3d 500 (3d

Cir. 2002).

### 4.EXHAUSTION

Before a federal court can grant a habeas petition, the state prisoner must exhaust all available

state court remedies before seeking relief.  28 U.S.C. §2254(b), _O'Sullivan v. Boerckel_, 526 U.S.

838 (1999).  This exhaustion requirement serves to protect the interest of comity, which ensures

that the state courts have the first opportunity to address and correct violations of state prisoners'

federal rights.  _Rose v. Lundy_, 455 U.S.509 (1982); _Preister v. Rodriguez_, 411 U.S. 475 (1973).

A petitioner must present every claim raised in the federal petition to the state's trial court,

intermediate appellate court and hightest court before exhaustion will be considered satisfied.

_O'Sullivan_ at 1728; see also  _Villot v. Varner_, 373 F.3d 327 (3d Cir. 2004)(...the claim must be

fairly presented at each state of the state's established appellate process).  The petitioner has the

burden of establishing that exhaustion has been met.  _Ross v.Petsock_, 868 F.2d 639 (3d Cir.

1989); _O'Halloran v. Ryan_, 835 F.2d 506 (3d Cir. 1987).

However, exhaustion is not a jurisdictional limitation and federal courts may review the merits of

a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. _Christy v._

_Horn_, 115 F.3d 201 (3d Cir. 1997).  Federal courts may entertain the merits of a petition for

habeas corpus where state remedies have not been exhausted  "when no appropriate remedy exits

at the state level or when the state process would frustrate the use of an available remedy."

_Hankins v. Fulcomer_, 941 F.2d 246 (3d Cir. 1991).  If the "petitioner has no opportunity to

obtain redress in state court or where the state corrective process is so defective as to render any

effort to obtain relief futile," exhaustion is not required.  _Gibson v. Scheidemantel_, 805 F.2d 135

(3d Cir. 1986) citing _Duckworth v. Serrano_, 454 U.S. 1 (1981).

This Court's initial inquiry regarding the exhaustion requirement is whether a petitioner has

"fairly represented" his federal claims to the state courts.  To meet the fair presentation criterion,

the same factual and legal basis for a claim must be presented to the state court to allow the state

a reasonable opportunity to address the claim and correct any violation of federal rights.  _Duncan_

_v. Henry_, 513 U.S. 364 (1995)(_per curiam_).  "Fair presentation requires that, before a particular

claim may be asserted in federal court, the same method of analysis must have been made

available to the state court." *Chaussard v. Fulcomer*, 816 F.2d 925 (3d Cir.), cert. denied, 484 U.S. 845 (1987). The exhaustion requirement further requires petitioner to properly to present his claims to the requisite state courts. A petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered to be satisfied. *O'Sullivan v. Boerckerl*, 526 U.S. 838 (1999).

Most of the issues presented to this Court for review have been analyzed by the Pennsylvania Superior Court; hence, satisfying the exhaustion requirement. However, Petitioner, for the first time, claims ineffective assistance of counsel in that Petitioner's plea counsel failed to file a post-sentence motion. This claims fails to satisfy the exhaustion requirement because this claim was not "fairly presented" to a state court for review. Defendant filed a PCRA on June 3, 2005, claiming that his plea counsel was ineffective for failing to file a direct appeal. Accordingly, the PCRA court reinstated Petitioner's appellate rights as relief. In this same PCRA that was presented to the court, Petitioner had an opportunity to include the claim of ineffective assistance of counsel with regard to failing to file a post-sentence motion, and he did not. Therefore, this claim is not exhausted.

## 5. PROCEDURAL DEFAULT DOCTRINE

Exhaustion may also be satisfied when a petitioner is barred from raising claims because state courts will not entertain them due to waiver or default. *Logan v. Vaughn*, 890 F.Supp. 427 (E.D. Pa. 1995)citing *Castille v. Peoples*, 489 U.S. 348 (1989). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system. It is based upon the "independent and adequate state ground" doctrine which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgement. *Coleman v. Thompson*, 501 U.S. 722 (1991).

A state's procedural rules are entitled to deference by federal courts and a petitioner's violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of a habeas claim. _Coleman v. Thompson_, 501 U.S. 722 (1991); _Sistrunk v. Vaughn_, 96 F.3d 666. In order to prevent federal habeas corpus review under the procedural default doctrine, a state procedural rule must be "consistently or regularly applied." _Banks v. Horn_, 126 F.3d 206 (3d Cir. 1997) quoting _Johnson v. Mississippi,_ 486 U.S. 578 (1988). Moreover, violations of a state's procedural default rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising claims. _Glass v. Vaughn,_ 65 F.3d 13(3d Cir. 1995)cert. denied 116 S.Ct. 1027 (1996) Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless petitioner can demonstrate: 1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. _Coleman v. Thompson_, 501 U.S. 722 (1991).

## **Cause and Prejudice**

To satisfy the cause standard, Petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. _McClesky v. Zant_, 499 U.S. 467 (1991); _Murray v. Carrier_, 477 U.S. 478 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. _Engle v. Isaac_, 456 U.S. 107 (1982); _Murray v. Carrier,_ 477 U.S. 478 (1986).

## **Fundamental Miscarriage of Justice**

Where a petitioner cannot demonstrate the necessary "cause" and "prejudice", this Court may still review claims if Petitioner can show that a "fundamental miscarriage of justice" would result from a failure to entertain the claim. _McClesky v. Zant_, 499 U.S. 467 (1991). This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." _Murray v. Carrier,_ 477 U.S. 478 (1986); _McClesky v. Zant_, 499 U.S. 467 (1991). Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. _Schlup v. Delo_, 115 S.Ct. At 868; _Glass v. Vaughn_, 65 F.3d 13(3d Cir. 1995). This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case. _Schlup v. Delo_, 115 S.Ct. At 868.

Petitioner did not present the claim of ineffective assistance of counsel of plea counsel regarding failure to file a post-sentence motion to the state courts to allow the claim to be addressed on the merits. Since Petitioner has failed to address the cause and prejudice prongs surrounding his failure to exhaust state remedies for this claim, or addressed how this Court's failure to hear his claims would result in a fundamental miscarriage of justice, it is not cognizable under this petition.

### 6.STANDARD FOR REVIEW

Section 2254 of the federal habeas corpus statute provides in the standard of review for federal court review of state court determinations. 28 U.S.C. §2254. Specifically, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only clear and convincing evidence. 28 U.S.C. §2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal

conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." *Campbell v. Vaughn*, 209 F.3d 280 (3d Cir. 2000).  In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly.  *Id.*

Moreover, a federal court may not issue the great writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1).  In *Williams v. Taylor*, 120 S.Ct. 1495 (2000), the United States Supreme Court discussed the independent meanings of the "contrary to" and "unreasonable application" clauses contained within 28 U.S.C. §2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may frant the writ if the state court identifies that correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
*Williams v. Taylor*, 120 S.Ct. 1495 (2000).

### 7.**PETITIONER'S CLAIMS**

**Whether plea counsel's failure to raise objections at sentencing
and to file post-sentence motions created a situation of Ineffective
Assistance of Counsel?**

**Whether plea counsel's failure to properly pursue mitigating evidence
caused a significant prejudice to create further Ineffective Assistance
of Counsel, and in doing such, did both the sentencing aspect and the failure
to pursue mitigating [evidence] create a violation of the Petitioner's rights
under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution?**

In the above issues presented in the petition before this Court, Petitioner alleges ineffective assistance of counsel.  Petitioner alleges that counsel for the guilty plea and sentencing was ineffective in the following ways:

-plea counsel was ineffective for failing to raise objections at sentencing

-plea counsel was ineffective for failing to file a post-sentence motion
-plea counsel was ineffective for failing to pursue mitigating evidence (DNA sample)

Commonwealth concedes that in the pro se PCRA petition, the issues regarding failure to object at sentencing and failure to pursue mitigating evidence (DNA sample) were properly presented to the state courts in both the PCRA and subsequent direct appeal to the Pennsylvania Superior Court.  However, Commonwealth asserts that ineffective assistance of counsel regarding failure to file a post-sentence motion is being raised for the first time in the habeas petition before this Court; therefore, the issue was never properly presented to the state courts at the time the PCRA was filed.  The failure to raise the issue in her PCRA results in procedural default.  The remaining issues regarding ineffective assistance of counsel are without merit and should be denied.

*Strickland v. Washington* provides a two-prong test for judging ineffective assistance of counsel claim: (1) counsel's performance must have been deficient; and (2) counsel's deficient performance must have actually prejudiced the defense, i.e., there must be a showing that, "but for" counsel's deficiency, the outcome would have been different.  *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* made it clear that judicial scrutiny of counsel's effectiveness must be "highly deferential."  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." *Id.*

The first prong of the *Strickland* test requires a petitioner to show that counsel made errors so serious (i.e. conducted himself so unreasonably) that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  "The evacuation of reasonableness must begin with a 'strong presumption that counsel' conduct falls within a range of reasonable professional

11

assistance. _Government of the Virgin Islands v. Weatherwax_, 77 F.3d 1425 (3d Cir.

1996)(quoting _Strickland_ at 689).  To determine whether counsel performed below the level

expected from reasonably competent attorney, it is necessary to judge counsel's challenged

conduct on the facts of the particular case, viewed at the time of counsel's conduct.  _Strickland v._

_Washington_, 466 U.S. 668 (1984).

The second prong of the _Strickland_ test requires the petitioner to demonstrate that counsel's

errors were so serious as to deprive him of a fair trial.  _Id_.   To prove prejudice, a petitioner must

show there is a reasonable probability that, "but for" counsel's unprofessional errors, the results

of the proceeding would have been different.  _Id._   Furthermore, a petitioner must identify the

acts or omission of counsel that are allegedly the result of unreasonable professional judgement.

_Id._   Vague and conclusory allegations of ineffective assistance of counsel will not support

habeas corpus review.  _Zettlemoyer v. Fulcomer_, 923 F.2d 284 (3d Cir. 1991).  Finally, to

succeed on an ineffective assistance of counsel claim, petitioner must make a sufficient factual

showing to substantiate the claims.  _U.S. v. Schaflander_, 743 F.2d 714 (9th Cir. 1984).

Petitioner makes the claim that counsel at sentencing was ineffective for failing to raise

objections.  It is unclear from the "Questions Presented" portion of Petitioner's habeas what

objections Petitioner claims should have been put forth by counsel at the time of sentencing.

However, reviewing the body of the habeas, it appears that Petitioner is claiming that counsel

should have objected in that 1) the sentence imposed was outside the sentencing guidelines; 2)

sentence was not individualized; 3) that the sentencing court considered a criminal offense

originating from  the state of Georgia to compute a prior record score; 4) when the sentencing

court considered civil contempt citations for failure to pay support; 5) when the sentencing court

expressed concern for the safety of other children in fashioning the sentence.  All of these claims

are without merit.

First of all, it is clear from the sentencing guideline sheets submitted to the sentencing court that the Prior Record Score is zero.  The sentencing court made mention of the offense from Georgia along with referring to the civil contempt citations for non-support as consideration of Petitioner's character, not to enhance the sentencing guidelines.  Petitioner erroneously claims that the sentencing court sentenced beyond the guidelines when, in fact, referring to the guideline sheets, the sentencing court did no such thing.

The sentencing court sentenced as follows: At Count 1, Incest, Petitioner was sentenced to 14-120 months.  The Pennsylvania sentencing guidelines designate the standard range to be 6-14 months.  At Count 2, Involuntary Deviate Sexual Intercourse, Petitioner was sentenced to 60-120 months.  The Pennsylvania sentencing guidelines designate the standard rage to be 48-66 months.

At Count 3, Indecent Assault, Petitioner was sentenced to 9-60 months.  The Pennsylvania sentencing guidelines designate the standard range to be RS-9 months.  At Count 4, Endangering the Welfare of a Child, Petitioner was sentenced to 12-60 months.  The Pennsylvania sentencing guidelines designate the standard range to be 3-12 months.  Finally, at Count 5, Petitioner was sentenced to 9-60 months.  The Pennsylvania sentencing guidelines designate the standard range to be RS-9.  The sentencing court did not sentence beyond the boundaries designated by the sentencing guidelines; therefore, an objection was not warranted.  This claim of ineffective assistance of counsel is without merit.

Petitioner acknowledges in the habeas petition that a sentencing court has the ability to consider the character of a defendant in fashioning a sentence.  " The sentencing court can look at the character of the petitioner".  Petition for Writ of Habeas Corpus, Page 10. The record reflects that the sentencing court considered many factors.  The sentencing court took into consideration that Petitioner pled guilty to the offenses but also to the nature of the offenses, and the period of time that they occurred (1996-2003).   Further, the court looked at the lack of a prior record score, the

13

victim impact statement submitted by the mother of the victim and the victim, and the potential

danger that the Petitioner could be to other children.  However, Petitioner still makes the claim

that the sentence was not individualized.  According to Petitioner, counsel for defendant was to

object at this stage.  Object to what?  The sentencing court did nothing improper.

According to Petitioner, the sentencing procedure is "permeated with prejudice towards the

Petitioner", and that counsel for the defendant should have objected to such bias but Petitioner

offers nothing to substantiate any of these claims.  The sentencing court acted appropriately as

did the counsel for the defendant.  These claims of ineffectiveness is without merit.

Next, the Petitioner claims that  plea counsel was ineffective for failing to pursue mitigating

evidence (DNA sample). Petitioner claims that had a DNA sample been tested, it would be

shown that the victim is not his biological daughter and he would not have pled guilt to the Incest

charge.  Hence, he would not have been sentenced on such charge.

On May 12, 2004, Petitioner pled guilty to five offenses involving sexual misconduct with his

**"DAUGHTER"**.  During the plea colloquy, the legal and factual basis of the charges against the

Petitioner were reviewed in open court.  The assistant district attorney reviewed each offense

which included a the victim was referred to as the Petitioner's daughter.  The record reflects that

after hearing the legal and factual basis of each charge against him which included the verbage

**"the victim, your daughter"**, Petitioner pled guilty admitting to the crime and the facts

contained within the Information.  On five separate occasions, Petitioner admitted that the victim

was his daughter.

Petitioner now attempts to challenge his paternity of the victim.  However, Pennsylvania has a

longstanding rule of law in that a defendant may not challenge his guilty pleas by asserting he

lied under oath, even if he avers that counsel induced the lies.  A person who pleads guilty is

bound by the statements made in open court while under oath, and he may not later assert

14

grounds for withdrawing of his plea which contradicts that statements he made at the plea

colloquy.  *Commonwealth v. Pollard,* 832 A.2d 517 (Pa.Super. 2003).

Petitioner specifically pled guilty to engaging in sexual intercourse with his daughter, thereby,

committing the crime of incest.  During the plea, Petitioner was asked by both the assistant

district attorney and the judge presiding over the proceeding whether Petitioner was promised

anything to plead guilty to the offenses.  Petitioner responded "No, Sir." to each inquiry.

Petitioner also was asked by both the assistant district attorney and the judge whether he was

being forced or threatened to plead guilty to the offenses.  Petitioner responded "No, Sir." to each

inquiry.  Plea Hearing, May 12, 2004, at Pages 4-10.  Appellant cannot be heard to contradict

these admissions by asserting that the victim is not his daughter.  Therefore, the ineffective

assistance of counsel claim with regard to the DNA sample is without merit.

If for argument's sake, Petitioner requested a DNA test to be conducted and counsel's failure to

obtain one was determined to be unreasonable, Petitioner cannot meet the second prong of the

*Stickland* test meaning that the outcome would have been different.  In addition to the admissions

of paternity under oath, Petitioner's name is on the victim's birth certificate indicating that

Petitioner is the father.  In Pennsylvania, this, in and of  itself, creates a legal presumption of

paternity.  Therefore, the outcome would not have been different.


**Whether the sentencing court created a manifestly unjust sentence based
upon its use of extraneous information and the bias of the court?**


Petitioner makes a vague claim that the sentencing court created a "manifestly unjust sentence"

which was based upon extraneous information and bias of the sentencing court.  Commonwealth

is unable to decipher and respond to Petitioner's claim solely on the above issue presented due to

the vagueness of the issue.  However, it appears from the body of Petitioner's habeas that the bias

of the sentencing court is evident, according to Petitioner, by the following: 1) in fashioning the sentence, the sentencing court considered civil contempt citations for non-support; 2) in that Petitioner was inaccurately referred to as a "Sexually Violent Predator", and that the sentencing court expressed concern for the safety of the children in the community; 3) the sentencing court characterized Petitioner's as having a "lengthy criminal record" which is related to the charges that were nolle prosequi in exchange for the guilty plea and utilized by the sentencing court in fashioning an enhanced sentence.

Although Petitioner has challenged his sentence in the past as being "manifestly excessive" and "clearly unreasonable", such a claim has never revolved around the above-mentioned issues included in Petitioner's habeas before this Court.  However, Petitioner's claim of a  "manifestly excessive" and "clearly unreasonable"  was addressed and decided upon in a direct appeal to the Pennsylvania Superior Court on February 1, 2006.  The Superior Court noted that a claim of an _"unreasonable and manifestly excessive"_ sentence implicates discretionary aspects of that sentence. _Commonwealth v. Smith_, 863 A.2d 1172 (Pa.Super. 2004).  In further analysis of Petitioner's appellate claim, the Superior Court also considered the holding in _Commonwealth v. Petaccio_ which states that such an objection to discretionary aspects of a sentence is waived if not raised in a post-sentence motion.  764 A.2d 582 (Pa.Super. 2004).  In the history of this case, post sentence motions were not filed; therefore, the Superior Court considered any claims as to the discretionary aspects of the sentence as waived.

Commonwealth, after reviewing the record, in addressing the claims that are either inaccurate or unsubstantiated in Petitioner's habeas of a "manifestly unjust sentence", asserts that the above-mentioned indicators that further the sentencing court's bias in Petitioner's mind have not been "fairly presented" to a state court for review.  Therefore, Petitioner has not satisfied the exhaustion requirement.  In addition, Petitioner had the opportunity to file a post-sentence

motion which would have allowed for such review of the sentence by state courts but failed to do

so.  As a result, this failure results in procedural default, precluding habeas review.  Since

Petitioner has failed to address the cause and prejudice prongs surrounding his failure to exhaust

state remedies for this claim, or addressed how this Court's failure to hear his claims would

result in a fundamental miscarriage of justice, it is not cognizable under this petition.


### 8.CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Commonwealth respectfully requests this

Honorable Court to enter an Order dismissing the petition.


Respectfully Submitted,


    S/Laurie A. Mikielski

Laurie A. Mikielski
Assistant District Attorney

17