IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHERRED, ) | |
| Petitioner, ) | Civil Action No. 07-350 Erie |
| ) | |
| v. ) | |
| ) | District Judge McLaughlin |
| RONALD KELCHNER, et al., ) | Magistrate Judge Baxter |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus [Document No. 1] be denied and that a certificate of appealability be denied.

**II.   REPORT**

    **A.   Relevant Background**

In October 2003, Petitioner Michael Sherred was arrested and charged with committing numerous sexual offenses upon his minor daughter. Petitioner admitted that, beginning in 1996 (when his daughter was ten years old) and continuing until September of 2003, he forced his daughter to have oral and vaginal intercourse. (See State Court Record ("SCR")[1] No. 18, Commonwealth v. Sherred, Criminal Div. No. 3150 of 2003, slip op. (C.P. Erie, June 29, 2005), "Sherred 1").

Kevin Kallenbach, Esq., of the Erie County Public Defender's Office, was appointed to represent Petitioner. On May 12, 2004, Petitioner appeared before the Honorable John A. Bozza and pleaded guilty to one count each of Incest, Involuntary Deviate Sexual Intercourse, Indecent Assault, Endangering the Welfare of Children, and Corruption of a Minor. Pursuant to the plea

---

[1] Respondents submitted the original SCR. It contains thirty documents and a certified docket sheet. The documents contained therein shall be cited to as "SCR No. __ ."

agreement, one count of Rape, Statutory Rape, Aggravated Indecent Assault, and Sexual Assault were withdrawn by the Commonwealth.  (See N.T. 5/12/04 Plea Hearing).  At the hearing, Assistant District Attorney Eric Hackwelder, Esq., explained to Petitioner the maximum and mandatory minimum sentences that he faced.  (Id. at 4).  Petitioner stated that he had no questions about the possible sentences that could be imposed, and he said he understood what Hackwelder had explained to him.  (Id. at 4, 10).  He also stated that he had had the chance to fully discuss his plea with Kallenbach and that he was pleading guilty because he committed the offenses as charged.  (Id. at 10).  On that same day, Petitioner executed a *Statement of Understanding of Rights Prior to Guilty/No Contest Plea*, in which he acknowledged that he could receive an aggregate sentence of up to 47 years' incarceration.  (SCR No. 8).

On June 25, 2004, Petitioner appeared before the Honorable William R. Cunningham for sentencing.  (See N.T. 6/25/04 Sentencing Hearing).  At the hearing, Kallenbach asked the court to sentence Petitioner near the minimum range because he had accepted responsibility for what he had done, had no prior record score, and would be receiving sexual offenders' counseling.  (Id. at 7-8).  Kallenbach also requested that the court not set each term of imprisonment consecutive.  (Id. at 10-11).

Before imposing the sentence, Judge Cunningham stated:

> I've read the presentence report in its entirety.  I've read the sentencing guidelines provided for each of the offenses in this case.
> ---
> I've read the victim impact statement of [redacted]; [I've heard] Mr. Kallenbach; I've heard Mr. Hessley; Mr. Sherrod [sic], what you had to say; and [what] your ex-wife had to say.  You have taken ownership by admitting your guilt.  You basically admit[ted] it from the outset when the police confronted you, and consistent with that you've come in and entered a plea of guilty to some very serious offenses.  And I recognize that.
> I know that the prior record score shows zero, but I also note that in the presentence report that there is a prior record in 1988 in Georgia for theft, and then there's a series of criminal contempts of court basically for nonpayment of child support beginning in … the year 2000, which is of concern in the sense that not only have you abused a child but you've neglected to support a child.
> I've read the description of the events as set forth both in the presentence report and the Information and as related in the letter in the victim impact statement by your daughter.  And it's somewhat unfathomable, if you will, what occurred over an extended period of time between her ages of nine or ten and through her age of 16 to do the types of things that you did.  It's just unconscionable.…
> I am concerned – as reflected in the statements of the mother and of your

> daughter – of the danger that you pose to other children, and I want to fashion a sentence to make sure that you never, ever do this to anyone else again. My overriding concern in fashioning a sentence is the protection of the children in this community or any community where you're residing. And I also take into account the traumatic impact on your daughter as well as on your wife as well as on the community where you live or lived.

(Id. at 11-13).

Judge Cunningham sentenced Petitioner to an aggregate sentence of 8 ½ – 35 years, as follows: at **Count I**, Incest: 14-120 months; at **Count 2**, Involuntary Deviate Sexual Intercourse: 60-120 months; at **Count 3**, Indecent Assault: 9-60 months, consecutive to Count 2; at **Count 4**, Endangering the Welfare of Children, 12-60 months, consecutive to Count 3; at **Count 5**, Corruption of Minors, 9-60 months, consecutive to Count 4. All of Petitioner's sentences were in the standard range of the Sentencing Guidelines. His sentence on Count 2 was the mandatory minimum. (SCR No. 18, Sherred 1, Criminal Div. No. 3150 of 2003, slip op. at 2-3).

Petitioner did not file post-sentence motions and did not initially file an appeal challenging his sentence. On June 3, 2005, he filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he claimed that he had asked Attorney Kallenbach to file an appeal, but that counsel had disregarded his directive. (SCR No. 13). On June 9, 2004, Judge Cunningham granted the PCRA motion insofar as he reinstated Petitioner's direct appeal rights. (SCR No. 13B). He then appointed Assistant Public Defender Deana L. Heasley, Esq., to represent Petitioner.

Next, Petitioner file a *Statement of Matters Complained of on Appeal*, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. He contested the discretionary aspects of the sentences imposed, contending that they were excessive, should not have been consecutive, were imposed without explanation or consideration of his lack of prior criminal record and voluntary plea, and were not individualized. (SCR No. 17).

On August 29, 2005, Judge Cunningham issued a Rule 1925 Opinion concluding that Petitioner's appeal should be denied because the sentences imposed were within the standard guidelines established by the legislature; that all of the evidence, both favorable and unfavorable, was considered at sentencing; and, there was no abuse of discretion. (SCR No. 18, Sherred 1,

Criminal Div. No. 3150 of 2003, slip op. at 4-9).

The Superior Court of Pennsylvania affirmed on February 1, 2006. (SCR No. 19, Commonwealth v. Sherred, No. 1210 WDA 2005, slip op. (Pa.Super. Feb. 1, 2006)( "Sherred 2"). It held that Petitioner had waived any challenge to his sentence because he made no objection at his sentencing hearing and failed to file post-sentence motions. (Id. at 2-3 (citing Commonwealth v. Petaccio, 764 A.2d 582 (Pa.Super. 2000) (issues challenging discretionary aspect of sentence waived because appellant voiced no objection at sentencing hearing and failed to file post-sentence motion)).

On or around March 27, 2006, Petitioner filed a second PCRA motion, in which he claimed that Attorney Kallenbach had provided him with ineffective assistance of counsel because counsel:

(1) failed to pursue the following mitigating evidence: (a) DNA testing to show that the victim was not his biological daughter, which would have resulted in the Incest charge being withdrawn; and (b) other evidence, such as school registration records, housing leases, utility bills, and medical records, which would have shown that Petitioner's opportunities for contact with his daughter were limited, thereby calling into question the time frame of the charges;

(2) failed to object to Petitioner's "manifestly unjust" sentences on the basis that they exceeded the guidelines, were not individualized, and were imposed by a biased judge who improperly referred to his 1988 theft conviction; and,

(3) waived Petitioner's challenges to his sentence by failing to file post-sentence motions and a direct appeal.

(SCR No. 20).

Judge Cunningham appointed William Hathaway, Esq., to represent Petitioner, and counsel subsequently filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). (SCR Nos. 21, 25). On August 22, 2006, Judge Cunningham issued a *Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907*, and the PCRA motion was officially dismissed on September 11, 2006. (SCR No. 22).

On August 24, 2007, the Superior Court issued a Memorandum Opinion in which it denied Petitioner's claims on the merits. (SCR No. 30, Commonwealth v. Sherred, No. 1847 WDA 2006, slip op. (Pa.Super. Aug. 24, 2007)("Sherred 3"). Petitioner then filed his petition for

writ of habeas corpus with this Court, in which he raises the same three claims that he raised in his second PCRA motion. [See *Petition* and *Brief In Support*, Document Nos. 1-2]. Respondents have filed their Answer [Document No. 11], to which Petitioner has filed a Traverse [Document No. 12].

### B.     Discussion
#### 1.     Standard of Review

Because the Superior Court rejected Petitioner's claims on the merits, this Court's review of those claims is governed by the standard enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified at 28 U.S.C. § 2254(d). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004); Hackett v. Price, 381 F.3d 281, 287 (3d Cir. 2004); Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

The "clearly established Federal law" in which to analyze Petitioner's ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner must show that Kallenbach's "representation fell below an objective standard of reasonableness." 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Thomas v. Varner, 428 F.3d 491,

499 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689).  "However, [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (quoting Strickland, 466 U.S. at 689).  "[I]t is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance."  United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).  Petitioner also must show under Strickland that he was prejudiced by Kallenbach's alleged deficient performance.  This requires Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

       The Superior Court applied the correct legal standard to Petitioner's ineffective assistance of counsel claims.  (SCR No. 30, Sherred 3, No. 1847 WDA 2006, slip op. at 8 (citing Commonwealth v. Kimball, 724 A.2d 326 (Pa.1999) (the legal standard for evaluating ineffective assistance claims in a PCRA proceeding is the same as the federal Strickland standard)).  Therefore, the Superior Court's adjudication of Petitioner's claims was not "contrary to" Strickland.  Werts, 228 F.3d at 202-04 ("[A] state court decision that applied the Pennsylvania [ineffective assistance of counsel] test did not apply a rule of law that contradicted Strickland and thus was not 'contrary to' established Supreme Court precedent.").

       The dispositive question, then, is whether the Superior Court's adjudication of any of Petitioner's claims was an "unreasonable application" of Strickland.  To prevail under this standard of review, Petitioner must demonstrate that the Superior Court's adjudication "cannot reasonably be justified under existing Supreme Court precedent."  Hackett, 381 F.3d at 287; Abu-Jamal v. Horn, 520 F.3d 272, 279 (3d Cir. 2008) ("Under the 'unreasonable application' prong of §2254(d)(1), 'the question...is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold.").  For the reasons set forth below, Petitioner has not shown that the Superior

6

Court's adjudication of his claims was an unreasonable application of Strickland.

### 2.     Failure to Investigate "Mitigating" Evidence

Petitioner contends that Kallenbach was ineffective for failing to contest the Incest charge by having DNA testing done to prove that the victim is not his biological daughter.[2] He asserts that he told Kallenbach that his family would pay for DNA testing. Petitioner also claims that Kallenbach should have challenged all of the charges against him by gathering school registration information, housing leases, utility bills, and medical records to show that his opportunities for contact with the victim were actually very limited.

Petitioner has presented no evidence to support his allegations. He claims that records exist to show that he could not have assaulted the victim as charged – and as admitted by him – yet, he did not submit those records to the state court in support of his second PCRA motion. Petitioner also asserts that the victim is not a blood relation, but he failed to provide to the state court any test results or affidavits to support that contention. (At the same time, Petitioner admits that he is listed as the father on the victim's birth certificate). For these reasons alone, this claim fails.[3]

---

[2] Under Pennsylvania law, one is guilty of the crime of Incest if: "that person knowingly marries or cohabits or has sexual intercourse with an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood. The relationships referred to in this section include blood relationships without regard to legitimacy, and relationship of parent and child by adoption." 18 Pa.C.S.A. § 4302.

[3] Petitioner could have provided supporting affidavits and records with his second PCRA motion. He did not do so, and provided no explanation as to why he did not. (See SCR No. 20, *Second PCRA Motion*, at 4). Petitioner contends that the PCRA Court (Judge Cunningham) erred in denying his request for an evidentiary hearing to support his contention, but he did not provide the PCRA Court with a sufficient basis to conclude that an evidentiary hearing was required. In any event, a challenge to the PCRA Court's decision in this regard is not cognizable in federal habeas. Under state law, a PCRA court may decline to hold a hearing if it determines that the petitioner's claims are patently frivolous or without a trace of support in either the record or from other evidence. See Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa.Super. 2001). Whether the PCRA Court in this case properly exercised its discretion does not implicate petitioner's federal constitutional rights:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the

(continued...)

Petitioner's claim that Kallenbach was ineffective for failing to investigate alleged "mitigating" evidence also fails because, in making this claim, Petitioner is directly contradicting that which he admitted under oath at the plea hearing. In rejecting this claim, the Superior Court noted the "longstanding rule of Pennsylvania law … that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at the plea colloquy." (SCR No. 30, Sherred 3, No. 1847 WDA 2006, slip op. at 9) (quoting Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super. 2003)).

At the plea hearing, Petitioner repeatedly acknowledged the victim was his daughter. The record reflects that in the plea colloquy, the factual basis for the five offenses to which he was entering his plea were specifically explained to him. For each of the five offenses, the victim was referred to as his daughter, and for each of the five offenses, Petitioner separately admitted his guilt. (N.T. 5/12/04 Plea Hearing at 5-10). He was apprised of a complete recitation of the factual and legal elements of the charge of Incest, and he expressly admitted that he had had sexual relations with a descendant "of the whole or half blood." (Id. at 5-6). Petitioner had plenty of opportunity to contend that the victim was not his biological daughter, and he could have established that fact (if it were true) in numerous ways. DNA testing was not required. Petitioner cannot avoid the consequences of his admissions by claiming for the first time in post-conviction proceedings that he was not the victim's blood relative.

Equally unconvincing is Petitioner's contention that there was evidence which Kallenbach

---

³(...continued)
United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted) (emphasis added); see also Lambert, 387 F.3d at 247 ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.")

8

failed to investigate which would have called into question the Commonwealth's allegation that he had repeatedly abused his daughter from 1996 through 2003. During his plea colloquy, Petitioner admitted that he had engaged in a course of sexual conduct with the victim during that time period. (N.T. 5/12/04 Plea Hearing at 5-10). His attempts to recant the factual admissions now are unavailing.

### 3. Failure To Object To the "Manifestly Unjust" Sentences

In his next claim, Petitioner contends that Kallenbach was ineffective for failing to object to his "manifestly unjust" sentences on the basis that the sentences were excessive and were imposed by a biased judge who improperly referred to his 1988 theft conviction and his civil contempt citations for failure to pay child support. In reality, this claim is nothing more than an attempt by Petitioner to challenge the discretionary aspects of his sentence by couching it in a claim of ineffective assistance.

A challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a federal constitutional limitation. Chapman v. United States, 500 U.S. 453, 465 (1991) ("[A] person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual ... and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (because federal habeas corpus relief does not lie for errors of state law, habeas review of state court's application of constitutionally narrowed aggravating circumstance is limited, at most, to determining whether state court's finding was so arbitrary or capricious as to constitute independent due process or Eighth Amendment violation). Petitioner's sentences violated neither due process nor the Eighth Amendment's prohibition against cruel and unusual punishment.

Petitioner's true complaint about his sentences is that Judge Cunningham ordered that some of the terms of imprisonment be served consecutively. It was within Judge Cunningham's discretion to impose consecutive sentences, see, e.g., Commonwealth v. Pass, 914 A.2d 442, 446 (Pa. Super. 2006), and Petitioner can receive no relief in federal habeas by challenging that

9

discretionary decision. See, e.g., Chapman, 500 U.S. at 465. Moreover, before he entered his plea, Petitioner was expressly advised that he could be subject to consecutive sentences and face a possible maximum term of imprisonment of 47 years. He therefore was well aware when he voluntarily entered his plea how long his aggregate sentence could be. (N.T. 5/12/04 Plea Hearing at 4; see also SCR No. 8, ¶ 4). The maximum aggregate sentence of 35 years' incarceration actually was well below the maximum Judge Cunningham could have imposed.

Petitioner also claims that Kallenbach should have objected to Judge Cunningham's bias, which he allegedly exhibited by stating at the sentencing hearing that he believed Petitioner was a danger to children. Considering that Petitioner had pleaded guilty to committing numerous sex offenses against his daughter over a six-year period, Judge Cunningham's assessment certainly was a fair one. In any event, a review of the record fails to reveal any support for Petitioner's assertions of bias. To the contrary, the record reflects that Judge Cunningham imposed individualized, standard-range sentences, and that he provided sufficient reasons to support the sentences imposed.

Petitioner also asserts that Judge Cunningham should not have referred to his 1988 theft conviction and his civil contempt citations when considering the sentences to be imposed. The Superior Court rejected this contention because state law allows the sentencing court to consider the defendant's history and characteristics and the results of the presentence investigation. (SCR No. 30, Sherred 3, No. 1847 WDA 2006, slip op. at 12-13 n.4). Because it was appropriate for Judge Cunningham to consider Petitioner's prior criminal and civil contempt history, there was no basis for Kallenbach to object.

### 4.     Failure To File Post-Sentence Motion and Direct Appeal

In his final claim, Petitioner contends that Kallenbach was ineffective because he disregarded Petitioner's directive to file post-sentence motions. The Superior Court denied this claim in Sherred 3 because it found that the sentencing challenges that Petitioner contends Kallenbach should have made had no merit. (SCR No. 30, Sherred 3, No. 1847 WDA 2006, slip op. at 11-18). Because counsel cannot be deemed ineffective for failing to raise meritless claims,

see, e.g., United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999), the Superior Court's decision denying this ineffective assistance claim was not an unreasonable application of Strickland.

In addition, Petitioner cannot show prejudice. He was able to litigate in the second PCRA proceeding the underlying sentencing claims that he contends Kallenbach should have raised in post-sentence motions and on direct appeal. The Superior Court reviewed those underlying claims under the same standard that it would have applied on direct review, and denied them. (SCR No. 30, Sherred 3, No. 1847 WDA 2006, slip op. at 11-18). Therefore, Petitioner cannot show that, but for Kallenbach's alleged failure to file post-sentence motions and a direct appeal, there is a reasonable probability that the result of the proceeding would have been different, i.e., that he would have received post-sentence or direct appeal relief. Strickland, 466 U.S. at 694.

### C. Certificate of Appealability

28 U.S.C. § 2253 governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Applying this standard here, jurists of reason would not find it debatable whether Petitioner's claims are without merit. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule

72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  January 19, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge